**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                       Criminal No. 10-cr-032-01-JD

Megann Glidden

**O R D E R**

On February 24, 2011, the defendant appeared for a bail revocation hearing pursuant to 18 U.S.C. § 3148.

The background is as follows: Defendant is charged with Conspiracy to Make a False Statement to Licensee in violation of 18 U.S.C. §§ 371 and 922(a)(6); "Straw Purchase" of Firearm (2 counts) in violation of 18 U.S.C. § 922(a)(6); and Possession of a Firearm by an Unlawful User of Controlled Substance in violation of 18 U.S.C. § 922(g)(3).  On April 15, 2010, defendant was released on bail following her initial appearance in this court.  On November 8, 2010, defendant entered a plea of guilty. Defendant was released on the same bail conditions as originally ordered.  Sentencing is currently scheduled for March 24, 2011.

The government alleges that since defendant's release on bail in November, she has tested positive for amphetamines on two separate occasions (January 31 and February 9, 2011); failed

to call in for drug test reporting instructions on twenty-six
(26) occasions; failed to submit to drug testing on nine (9)
occasions; and failed to attend a scheduled substance abuse
counseling session on February 16, 2011.  The Office of
Probation and Pretrial Services maintains that this conduct
violates conditions of bail as set forth in the report dated
February 22, 2011.

A request to revoke bail is governed by 18 U.S.C. § 3148,
which provides in part:

> The judicial officer shall enter an order of
> revocation and detention if, after a hearing, the
> judicial officer--
>
> (1) finds that there is-
>
>     (A) probable cause to believe that the person has
>     committed a Federal, State, or local crime while
>     on release; or
>
>     (B) clear and convincing evidence that the person
>     has violated any other condition of release; and
>
> (2) finds that--
>
>     (A) based on the factors set forth in section
>     3142(g) of this title, there is no condition or
>     combination of conditions of release that will
>     assure that the person will not flee or pose a
>     danger to the safety of any other person or the
>     community; or
>
>     (B) the person is unlikely to abide by any
>     condition or combination of conditions of
>     release.

18 U.S.C. § 3148 (b)(1)-(2).  The government has the initial burden to establish the violation under 18 U.S.C. § 3148 (b)(1). If the government establishes probable cause to believe the defendant committed a new "felony" offense on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.  18 U.S.C. § 3148(b)(2).  Otherwise, the government typically has the burden to prove by a preponderance of the evidence the requirements of section 3148 (b)(2)(A) or (B).  Aron, 904 F.2d at 224; United States v. Poinsett, 953 F. Supp. 37, 38 (N.D.N.Y. 1997).

In this case, defendant conceded that the government had sufficient evidence to establish probable cause that defendant violated the conditions of her bail as charged.  Thus, the only question before the court was whether to release the defendant. For all of the reasons stated on the record, the court finds that defendant is unlikely to abide by any conditions or combination of conditions of release.  Therefore, the conditions of release are revoked.

Accordingly, it is **ORDERED** that the defendant be detained. The defendant is committed to the custody of the Attorney

3

General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

      **SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  February 24, 2011

cc:  Jessica C. Brown, Esq.
     Robert J. Veiga, Esq.
     U.S. Marshal
     U.S. Probation