```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                 Criminal No. 10-cr-032-02-JD

Megann Glidden

## O R D E R

On July 19, 2012, defendant was brought before the court for her initial appearance and preliminary hearing under Fed. R. Crim. P. 32.1 on seven alleged violations of conditions of supervision, as charged in the government's petition dated July 17, 2012 (doc. no. 74). Defendant is on release from her conviction in 2011 for conspiracy to make a false statement to licensee, in violation of 18 U.S.C. §§ 371 and 922(a)(6); "Straw Purchase" of a firearm, in violation of 18 U.S.C. § 922(a)(6); and possession of a firearm by an unlawful user of controlled substances, in violation of 18 U.S.C. § 922(g)(3).

Defendant stipulated to probable cause on the violations. I therefore find probable cause that defendant has violated the conditions as charged in the petition.

Defendant sought release on conditions under Rule 32.1(a)(6).  The government sought detention.  Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing evidence that she will not flee and that she poses no danger to any other person or to the community.  At the hearing, the court summarized its findings orally from the bench.  Those oral findings are incorporated herein.  Based on the evidence presented at the hearing, and for the reasons stated on the record, defendant failed to meet her burden of persuading the court that she poses no danger to any other person or to the community.

In sum, the court finds that defendant did not meet her burden to show by clear and convincing evidence that her release, even on strict conditions, would pose no danger to any other person or the community.  Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On

order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

To the extent consistent with the jail's regulations, and presuming that defendant qualifies for admission, the court makes a recommendation that defendant be allowed entrance into the Therapeutic Community Program, or the "T.C. Program," at the Strafford County House of Corrections.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: July 19, 2012

cc: Behzad Mirhashem, Esq.
    Robert J. Veiga, Esq.
    U.S. Marshal
    U.S. Probation